ACCEPTED
04-14-00758-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/8/2015 10:55:18 AM
KEITH HOTTLE
CLERK

## NO. 04-14-00758-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/8/2015 10:55:18 AM
KEITH E. HOTTLE
Clerk

JOHN A. LANCE, DEBRA L. LANCE,
F.D. FRANKS AND HELEN FRANKS

APPELLANTS

V.

JUDITH AND TERRY ROBINSON, GARY AND BRENDA FEST,
VIRGINIA GRAY, BUTCH TOWNSEND AND
BEXAR-MEDINA-ATASCOSA COUNTIES WATER CONTROL AND
IMPROVEMENT DISTRICT NO. 1

APPELLEES

*From the 198th District Court of Bandera County, Texas
Trial Court No. CV-12-0100209
Honorable M. Rex Emerson, Judge Presiding*

## BRIEF OF APPELLEE BEXAR-MEDINA-ATASCOSA COUNTIES WATER CONTROL & IMPROVEMENT DISTRICT No. 1

GOSTOMSKI & HECKER, P.C.
Edward T. Hecker
State Bar No. 00787668
607 Urban Loop
San Antonio, Texas 78204-3117
(210) 222-9529
ed@ghlawyers.net
ATTORNEY FOR APPELLEE,
BEXAR-MEDINA-ATASCOSA
COUNTIES WATER CONTROL &
IMPROVEMENT DISTRICT No. 1

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

INDEX OF AUTHORITIES ........................................................................................ ii

STATEMENT OF THE CASE ..................................................................................... iii

ISSUES PRESENTED .................................................................................................. iii

   1. The trial court did not err by granting summary, declaratory judgment under
Chapter 37 of the Texas Civil Practice & Remedies Code, and the judgment must
be affirmed ................................................................................................................. iii

   2. The trial court did not abuse its discretion by awarding attorney fees to the
Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1,
and sufficient evidence supported the amount of the award ..................................... iii

STATEMENT OF FACTS ............................................................................................ 1

SUMMARY OF THE ARGUMENT ............................................................................ 5

ARGUMENT ................................................................................................................ 6

   1. The trial court did not err when it granted declaratory judgment concerning
the Deed Without Warranty ....................................................................................... 6

   2. The trial court did not abuse its discretion by awarding attorney fees to the
Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1 7

      A. *BMA's attorney fees were reasonable and necessary* ................................... 9

      B. *The attorney fee award to BMA is equitable and just* .................................. 14

PRAYER ...................................................................................................................... 16

CERTIFICATE OF SERVICE .................................................................................... 17

CERTIFICATE OF COMPLIANCE ........................................................................... 18

# INDEX OF AUTHORITIES

## Cases

*Amaro v. Wilson County*, 398 S.W.3d 780 (Tex.App.-San Antonio 2011, no pet.) 8, 14

*Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997).. 9

*Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998)........................................................ 9

*City of Laredo v. Buenrostro*, 357 S.W.3d 118 (Tex.App.-San Antonio 2011, no pet.)........................................................................................................................ 9

*Nobles v. Marcus*, 533 S.W.2d 923 (Tex. 1976)........................................................ 7

*Oake v. Collin County*, 692 S.W.2d 454 (Tex. 1985)................................................ 9

*R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790 (Tex. 1995)........... 9

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2007) ...................... 13

*Wells Fargo Bank, N.A. v. O'Brien*, 458 S.W.3d 912 (Tex. 2015) ................... 8, 14

## Statutes

Tex. Civ. Prac. & Rem. Code § 37.004(a)................................................................. 6

Tex. Civ. Prac. & Rem. Code § 37.009 ................................................................... 8

Tex. Disc. R. Prof. Conduct 1.04............................................................................. 10

## Rules

Tex. R. App. P. 38.2(a)(1)(B) ................................................................................. iii

Tex. R. App. P. 9.4................................................................................................... 18

Tex. R. Civ. P. 37..................................................................................................... iii

Tex. R. Civ. P. 39..................................................................................................... iii

Tex. R. Civ. P. 60..................................................................................................... iii

## STATEMENT OF THE CASE

The Appellees are satisfied with the Appellants' statement of the case, except for its omission of Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1's intervention as an indispensable party. Tex. R. App. P. 38.2(a)(1)(B); *see* Tex. R. Civ. P. 37, 39(a)(2), 60.

## ISSUES PRESENTED

1. The trial court did not err by granting summary, declaratory judgment under Chapter 37 of the Texas Civil Practice & Remedies Code, and the judgment must be affirmed.

2. The trial court did not abuse its discretion by awarding attorney fees to the Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1, and sufficient evidence supported the amount of the award.

# STATEMENT OF FACTS

F.D. and Helen Franks owned property adjacent to Medina Lake. They sold the property to John and Debra L. Lance.[1] The Franks also created a Deed Without Warranty (DWW) to 0.282 acres of property they *did not own* and conveyed it to the Lances. The DWW property extends downslope from the Lance's property toward the Medina Lake pool. The Lances began to take measures to exclude other persons from the property described by the DWW.

There is no record evidence of any chain of title passing the property described in the DWW to F.D. and Helen Franks. The Franks simply created the DWW out of thin air, as set forth in greater detail in the Brief filed by Appellees Judith and Terry Robinson, Gary and Brenda Fest, Virginia Gray and Butch Townsend (the Robinson Appellees).

The Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1 (BMA) has historically and consistently asserted an ownership interest in the land below the 1084' elevation line surrounding the Medina Lake pool. BMA even administers a global settlement agreement with many private owners of land adjacent to Medina Lake. The agreement concerns how the property owned by the BMA between the lake's pool and the 1084' elevation line

---

[1]     The Franks and Lances are sometimes referred to collectively as Appellants herein.

may be used by the persons, like the Lances and the Robinson Appellees, who own lake property above the 1084' elevation.

The DWW describes land in which the BMA asserts an ownership interest. Although the BMA contends it is the fee owner of the property in question, that matter was not part of the trial court's judgment and is not before this court on appeal.

The Robinson Appellees sued the Appellants after the Lances took measures to exclude them from the DWW property. After BMA was identified as an indispensable party, it intervened in the lawsuit to seek declaration under Chapter 37 of the Texas Civil practice & Remedies Code. BMA asked the trial court to declare that the DWW did not convey any legal or equitable rights from the Franks to the Lances.[2]

The issue of the made-up DWW was raised in a motion for partial summary judgment filed by the Robinson Appellees against the Appellants before BMA intervened. However, the motion for summary judgment was not immediately set for hearing. Instead, the record reflects, the Appellants sought to strike BMA's intervention, and the litigation expanded. For instance, after BMA intervened, Bandera County joined the litigation, apparently at the Appellants' urging. (RR 122-23) Appellants presented matters and arguments to the Court, often asserting

---

[2]    The Clerk's Record will be supplemented to include BMA's plea in intervention.

them repetitively and setting serial rehearings when they disagreed with the court's rulings.

The 198th Judicial District Court, Bandera County, Texas, eventually heard the motion for partial summary judgment and granted it on June 11, 2014. The judgment declared that the DWW

> from the Franks as grantors to the Lances as grantees (recoded in Volume 915, Page 86, of the Banderal County real property records)("Deed Without Warranty"), purporting to convey the Franks' interest in a described .282-acre parcel of land ("disputed area") to the Lances, did not convey any ownership or other interest in the described property to the Lances.

(Appx. Tab A) The district court severed the partial summary judgment from the remaining issues on June 12, 2014. (Appx. Tab D)

On September 5, 2014, BMA moved for its attorney fees and for entry of final judgment on the severed claims. (CR 5-11) The court heard BMA's motion on September 17, 2014.

The evidence at the hearing on attorney fees established that BMA incurred over $37,000.00 for legal representation in the trial court. (RR Exh. I-1) The fees were billed at a rate of $150 and $200 per hour for the services of a law-firm partner with more than 20 years litigation experience, including fifteen years representing BMA. (RR 78) BMA's attorney's hourly rate (either the $150 or $200 hourly rate) was at or below the reasonable and customary hourly rate for similar legal services in the trial court venue. (RR 65-66, 72-73, 99-100, 110) The

3

law firm representing BMA employs law clerks and other professionals, who are not licensed to practice as attorneys, to handle certain tasks under the supervision of the firm's attorneys. (RR 68-69, 74) These persons' services were billed at a rate of $75 per hour. All of the firm's time was billed in tenth-of-an-hour increments, and all of the firm's activities were itemized and described in detail in the billing records introduced in evidence at the attorney fee hearing. (RR 72, Exh. I-1)

The uncontroverted testimony before the court conclusively established that BMA's counsel economized legal services as much as possible. BMA's legal expenses were minimized by assigning certain tasks to law clerks and paralegals at a lower hourly rate than those services would have been charged to BMA had the firm's attorneys done them. (RR 65-66, 68-69, 72-73) Similarly, the Robinson Appellees had already filed a motion for partial summary judgment on the declaratory issue before this court, so BMA's counsel chose not to amplify legal costs, foregoing preparation of a separate motion seeking the same relief. (RR 67) The evidence established that BMA's counsel redacted the firm's billing to exclude all work that did not advance BMA's position on its declaratory claim against the Appellants. (RR 66, 72) For instance, BMA did not include any of the time related to claims under Chapter 12 of the Civil Practice & Remedies Code in its attorney fee request. After redacting all attorney fees except those expended to advance

4

BMA's declaratory judgment claim, BMA's attorney fees totaled $31,025.00. (RR 78)

The district court entered final judgment on the severed claims. (Appx. Tab E) It awarded BMA $31,025.00 in attorney fees, plus attorney fees in the amount of $10,000.00 should BMA prevail on appeal, and an additional $5,000.00 should the Texas Supreme Court request a response from BMA concerning any petition for review Appellants might file in that forum. (*Id.*) Appellants noticed this appeal.

## SUMMARY OF THE ARGUMENT

The trial court's declaratory judgment should be affirmed. The trial court correctly declared that Appellants' Deed Without Warranty conveyed no ownership in real property from the Franks to the Lances. The deed purported to describe and convey, without warranty, property in which BMA claimed an interest. There was nothing, other than the conjured deed, in the Appellants' title chain that supported ownership. The Declaratory Judgments Act authorized BMA to intervene to seek declaration of rights, status and obligation under the written deed.

The trial court properly awarded attorney fees to BMA. The evidence, most of it uncontroverted, was sufficient to show the reasonableness and necessity of the amount awarded. The contentiously-litigated proceedings and complicated issues

5

demanded substantial attorney time and labor. Counsel, a seasoned litigator who has represented the BMA for a decade-and-a-half, actively participated in the case and billed his time at a rate at or below the reasonable rate for similar services in the trial court venue. Counsel's time expenditures were conservative rather than exaggerated, and he employed cost-saving measures, such as tasking supervised non-lawyers for certain activities. BMA only sought fees for services that advanced its declaratory claims, and the resulting judgment favored BMA.

The trial court did not abuse its discretion by determining that BMA's fees were equitable and just and deciding to award them against Appellants. Fee-shifting was justified by the positions taken by and conduct of the Appellants during the litigation. But most importantly, the attorney fee award was equitable and just because the entire case was made necessary by Appellants' questionable decision to prepare and transfer a deed to property they did not own, and then dig in and fight.

## ARGUMENT

### 1. The trial court did not err when it granted declaratory judgment concerning the Deed Without Warranty

The trial Court did not err when it granted declaratory judgment concerning the DWW. A person interested under a deed or other writing, or whose rights, status, or other legal relations may be affected, may sue for declaration of rights, status, or other legal relations thereunder. Tex. Civ. Prac. & Rem. Code §

37.004(a). BMA had in interest in the DWW because the fabricated document conflicted with BMA's ownership claims to the property. Most of Appellants' brief concerns whether the BMA or any of the other Appellees has title to the property in question.[3] But the trial court's judgment did not determine or declare who has title to the property. The Appellees did not seek that relief. Instead, the trial court judgment declared that the DWW conveyed no ownership in real property from the Franks to the Lances. For the reasons set forth in the Robinson Appellees' brief on the merits, which BMA adopts and incorporates, the declaratory judgment concerning the DWW should be affirmed.

## 2. The trial court did not abuse its discretion by awarding attorney fees to the Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1

The Appellants argue that unnecessary fees can never be reasonable, and the only fees necessary to the trial court's judgment involved drafting the motion for summary judgment and preparing for a temporary injunction hearing early in the

---

[3] The Appellants' brief makes a number of seriously flawed arguments. For instance, Appellants essentially contend that Appellees lacked standing to challenge the DWW in the trial court because only a grantor may set aside a fraudulent deed, and the Appellees were not the grantors. (Brf p. 18-19) While it is generally true that a deed *procured by a fraud against the grantor* may only be set aside by the grantor [*See Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)], none of the authorities cited by Appellants reflects the facts before this court, where the grantor was not tricked into deeding property but instead *fraudulently conjured-up a deed to property he didn't own and sold it to someone else who was perfectly happy to receive it.* That is not the kind of argument that should be made with a straight face.

7

case. They argue that the case was simple and should not have required as much effort as BMA's counsel expended. They argue that BMA freely chose to participate in the litigation; since Appellants did not bring BMA into the case, they don't think they should be responsible for BMA's legal fees. And they argue the attorney fee award to BMA is unjust and inequitable because BMA did not draft the motion for summary judgment and has not yet secured any relief. None of the Appellants' arguments has merit.

In a declaratory judgment action, the trial court, in its discretion, "may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. The trial court's discretion extends so far as to support an award of attorney fees to a non-prevailing party, if the award is equitable and just. *Wells Fargo Bank, N.A. v. O'Brien*, 458 S.W.3d 912, 916 (Tex. 2015); *Amaro v. Wilson County*, 398 S.W.3d 780, 789 (Tex.App.-San Antonio 2011, no pet.).

Review of attorney fee awards under the Declaratory Judgments Act is not straightforward.[4] A trial court's attorney fee award in a declaratory judgment

---

[4] As Justice Baker observed in his dissent in *Bocquet*, the Supreme Court's guidance is confusing.

> As best I can glean from the Court's opinion is that in a Declaratory Judgment Act case whether to award an attorneys' fees to either side is reviewed under an abuse of discretion standard; whether the fee, if awarded, is reasonable and necessary is reviewed under a legal and

8

action must be affirmed absent a clear showing that the trial court abused its discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985). Whether fees are equitable and just are matters of law and reviewed *de novo*. *Bocquet*, 972 S.W.2d at 21.

A. *BMA's attorney fees were reasonable and necessary*

Attorney fees awarded under the Declaratory Judgments Act must be reasonable and necessary, a fact question. *Bocquet*, 972 S.W.2d at 21. Under the substantial evidence standard of review, an attorney fee award will not be disturbed if "more than a mere scintilla" of evidence supports the reasonableness of the award. *R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex. 1995); *City of Laredo v. Buenrostro*, 357 S.W.3d 118, 122 (Tex.App.-San Antonio 2011, no pet.) (Discussing substantial evidence review). Without more than a scintilla of evidence of the reasonableness and necessity of the attorney fees, a court abuses its discretion if it awards them. *See Bocquet*, 972 S.W.2d at 21.

BMA's attorney fees were reasonable and necessary. Reasonableness is measured under the test laid out by the Supreme Court in *Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997). The factors, borrowed from the Texas Disciplinary Rules of Professional Conduct, include :

---

factual sufficiency standard; and whether the fee is equitable and just
is reviewed under an abuse of discretion standard.
*Bocquet*, 972 S.W.2d at 22 (Baker, J., dissenting). Notwithstanding its peculiarity, that is the standard applied herein.

9

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Anderson,* 945 S.W.2d at 817, *citing* Tex. Disc. R. Prof. Conduct 1.04.

The roots of this cause may have been uncomplicated [RR 100-103], but it did not remain simple. The issues multiplied in intensity and complexity, and additional parties appeared and amplified the proceedings. The litigation demanded a substantial amount of attorney attention, time and labor. (RR 100-103, 122-23). Even Appellants' counsel testified at the attorney fee hearing that the case involved difficult issues and unforeseen complexities, and that it takes time for lawyers to handle them properly. (RR 113, 124-25) Her testimony that her own clients' legal fees were greater than BMA's supported the size of the fee awarded to BMA.

The uncontroverted attorney-fee evidence established that the Appellants tenaciously contested every issue, often more than once. The evidence showed that counsel for BMA "attended many, many court hearings on this case, most of which were rehearings of prior hearings." (RR 74) The witnesses who testified at

the attorney fee hearing – including Appellants' counsel – agreed that it is appropriate for an attorney to bill for the time it takes to prepare for hearings, including reading motions and reviewing the authorities cited in the motions and briefing, and understanding how the authorities apply to the facts in issue. (RR 74, 116, 124-25) The case went to mediation – twice – each time requiring counsel to devote time to preparation and attendance.

The testimony and evidence at the attorney fee hearing left little doubt that the Appellants' litigation tactics influenced the amount of BMA's attorney fees. Those tactics included

> the excessive briefing and rehearings that the [Appellants] engaged in this case. And if you look through the billing, you will see that there will be, you know, a 30, 40-page brief cited by opposing counsel. They will cite 40 or 50 cases in it. My law clerk has to pull all those cases, Shepardize the cases, make sure they're good law. There is time billed for that. And I have to review the cases to see what is being argued here and what is the relevance to the case. ... Three months later when we have a rehearing on that, we have to do it all over again. It doesn't take quite as long, but I still have to review things.

(RR 71-72, *see* p. 86, 116) Appellants' complaints should be cause for introspection rather than an attack on the trial court's fee award.

The uncontroverted evidence before the trial court established that the rate charged by BMA's counsel was reasonable in the venue in which the parties litigated the case. (RR 65-66, 72-73, 99-100, 110) The evidence established a 15-year relationship between BMA and its counsel. (RR 78) The evidence established

that BMA's counsel devoted well over 200 hours – more than a solid month of 40-hour work weeks – of billable time to the declaratory issue alone. (RR 66, 72, Exh I-1)  The testimony heard by the trial court was sufficient evidence that BMA's counsel likely missed other professional opportunities because of the amount of time it took to prosecute BMA's interests in this cause.

It is true that BMA's counsel did not draft the motion for summary judgment, as Appellants argue.[5]  Appellants' argument seems to suggest that BMA *should have* drafted a separate motion for summary judgment and would have been justified in recovering attorney fees for doing so.  They may be right, but it is clear that BMA's decision not to duplicate efforts by researching and drafting a separate, redundant motion benefitted the Appellants by reducing the attorney fees awarded against them.[6]

BMA's choice not to pursue a litigation strategy that would have resulted in a larger attorney fee award against the Appellants does not support the denial of

---

[5]     BMA's counsel did not bill for drafting it, either.

[6]     The record reflects BMA's counsel's efforts to economize his expenditures. Not only did he choose not to prepare a separate motion for summary judgment [RR 68], but he used clerks and paralegals to leverage their more affordable billing rates. (RR 68-69)  He redacted from his fee request all hours spent on tasks that did not advance BMA's declaratory claim. (RR 66, 72)  And although the court could have awarded all of BMA's counsel's fees at the reasonable rate of $200.00 or $250.00 per hour [RR p. 99], counsel requested them at the lower rate at which he billed his client. (RR 65-66, 72-73)  The evidence before the trial court could not support a conclusion that BMA's attorney fees were inflated to Appellants' detriment.

fees to BMA altogether, as the Appellants argue. And regardless who drafted the motion for partial summary judgment, BMA's counsel was responsible for reading the motion, responses, replies, supplements, and briefs. BMA's counsel had to read, apply and/or distinguish the authorities cited in those instruments, prepare for the hearing, argue at the hearing – and argue it all over again when the Appellants moved for rehearing or demanded a new trial. (RR 85, 88-89, Appx. Tab F) Since BMA's counsel did not draft Appellants' response and briefing in opposition to the motion for partial summary judgment either, should fees for reading and analyzing those instruments be excluded, too? If BMA had sought or recovered attorney fees for drafting a motion it did not write, authorship might matter. But the trial court awarded fees for what was done, not what wasn't done.

Appellants argue that attorney fees should only be awarded for developing evidence for the temporary injunction hearing and drafting the motion for summary judgment, since those are the only activities that directly produced the judgment. Appellants' extraordinarily limited theory of attorney fee awards is not supported by Texas law, under which trial courts should award fees for legal work devoted to overcoming the various hurdles common in all contested litigation.

> For example, to prevail on a contract claim a party must overcome any and all affirmative defenses (such as limitations, *res judicata,* or prior material breach), and the opposing party who raises them should not be allowed to suggest to the jury that overcoming those defenses was unnecessary.

13

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2007). The record shows that Appellants cluttered the path to relief in this case with a lot of obstacles. They cannot, then, argue that it was unnecessary and unreasonable for BMA to incur legal costs to overcome them.

The evidence is sufficient to show that the attorney fees awarded to BMA were reasonable and necessary under every one of the Rule 1.04/*Anderson* factors relevant to this cause.

B. *The attorney fee award to BMA is equitable and just*

Appellants argue that the attorney fees awarded to BMA are unjust and inequitable. They argue that the Appellants did not sue BMA or cause it to be a party to the litigation, so they should not be responsible for BMA's fees. Under that argument, however, a defendant would rarely be subject a fee-shifting judgment because defendants usually don't invite potential plaintiffs to sue them.

In a related argument, Appellants also claim that the attorney fee award was unjust and should be reversed because BMA did not obtain any relief in the trial court. But the Declaratory Judgments Act does not limit attorney fee awards to prevailing parties. *See O'Brien*, 458 S.W.3d at 916; *Amaro*, 398 S.W.3d at 789. Even if it did, the record reflects that BMA got what it wanted out of the litigation. BMA intervened because the smoke-and-mirrors DWW threatened BMA's interests. BMA sought a judgment declaring its rights and interests under the

14

DWW and asked for attorney fees under the Declaratory Judgments Act. The case proceeded to disposition, where the trial court granted judgment awarding the declaratory relief and attorney fees BMA pleaded for. Appellants' 'prevailing party' argument is not supported by Texas authorities concerning fee awards in declaratory judgment actions, but even if the law supported Appellants' theory, the record does not: BMA was a prevailing party.

Appellants contend that it's just not right to award BMA attorney fees when BMA did not draft the motion that resulted in the judgment. That argument is addressed above, concerning the reasonableness and necessity of BMA's attorney fees. But even if Appellants' argument were credible, how would BMA be any different than a party who wins judgment after trial on the merits – a party who obtained relief without drafting a motion for summary judgment or anything else other than perhaps a petition and a jury question?

On the issue of equity and justness, Appellants' argument fails to address the elephant in the room: this entire proceeding was necessary solely because the Appellants fabricated a deed out of a vacuum to exclude everyone else from land that wasn't theirs. They did it, they knew what they had done, and they fought tooth and nail to save it. When they were called on it, rather than slink away with an appropriate *mea culpa,* they had the temerity to demand payment of $34,000.00 for a license to use the property that they did not own. (RR 56, 107-09, Exh D-1)

If equity and justice ever warranted an upward adjustment to the lodestar, this is the case.

The attorney fee award to BMA was obviously equitable and just; therefore, the trial court did not abuse its discretion by deciding to award reasonable and necessary attorney fees to BMA in the amounts set forth in the Amended Award of Attorney Fees and Final Judgment. (Appx. Tab E)

## PRAYER

BMA prays the judgment of the trial court will be affirmed.

Respectfully submitted,

Edward T. Hecker
GOSTOMSKI & HECKER, P.C.
State Bar No. 00787668
607 Urban Loop
San Antonio, Texas 78204-3117
(210) 222-9529
ed@ghlawyers.net
ATTORNEY FOR APPELLEE,
BEXAR-MEDINA-ATASCOSA
COUNTIES WATER CONTROL &
IMPROVEMENT DISTRICT No. 1

## CERTIFICATE OF SERVICE

I certify this Brief has been served on the persons below through the court's mandatory e-filing system and *via* email on the 8th day of July, 2015.

Cynthia Cox Payne
Texas Bar No. 24001935
1118 Main Street
Bandera, Texas 78003
(830) 796-7030 – Phone
(830) 796-7945 – Fax
cpayne@paynelawfirm.net

Dan Pozza
State Bar No. 16224800
239 East Commerce Street
San Antonio, Texas 78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

Stephan B. Rogers
Ross S. Elliott
Rogers & Moore
309 Water Street, Suite 114
Boerne, Texas 78006
Attorney for Plaintiffs
srogerslaw@gmail.com
rors@rogersmoorelaw.com

_____
Edward T. Hecker

17

# CERTIFICATE OF COMPLIANCE

By his signature, below, counsel for BMA certifies that this brief:

1)     contains fewer than 4,000 words, excluding parts of the brief exempted by Tex. R. App. P. 9.4(i)(1) , and therefore complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D); and

2)     complies with the typeface requirement of Tex. R. App. P. 9.4(e) because it was prepared in a conventional, 14-point font typeface in the text and footnotes.

_____
Edward T. Hecker